DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| PRESTIGE EQUIPMENT CORPORATION, ) ) ) | CASE NO. 5:08 CV 2164 |
| Plaintiff, ) ) | MEMORANDUM OPINION AND ORDER |
| v. ) ) | |
| CASE MACHINERY CO., LLC., and JEFFREY C. OLSON, an individual, and L. ARTHUR OLSON, an individual, jointly and severally, ) ) ) ) ) | |
| Defendants. ) | |

Pending before the Court in this case for breach of contract and fraud are plaintiff's motions for default judgment and summary judgment against defendant L. Arthur Olson ("Art Olson").[1] Art Olson filed an unsigned response to plaintiff's motions. ECF 58. For the reasons discussed herein, plaintiff's motion for default judgment (ECF 49) as to Art Olson is GRANTED.

I. BACKGROUND

Plaintiff Prestige Equipment Corporation ("Prestige") contracted with defendant Case Machinery Co., LLC. ("Case") to purchase a piece of equipment for $205,000.[2] Defendant Jeff Olson, who has been dismissed without prejudice, is an officer of defendant Case. Art Olson,

---

[1] Plaintiff also moved for default and summary judgment against defendant Jeff Olson. ECF 49 and 50. However, the case was stayed as to Jeff Olson due to a bankruptcy filing. ECF 54. Subsequently, plaintiff dismissed defendant Jeff Olson without prejudice. ECF 57

[2] The equipment at issue is identified in the complaint as a Toshiba CNC Horizontal Machining Center, Model BMC-100E, Serial No. 416560 ("Toshiba Equipment").

(5:08 CV 2164)

who is the father of Jeff Olson, was involved in the sale of the Toshiba Equipment to Prestige on behalf of Case, although Art Olson denies that he is an officer of Case.

Prestige paid the purchase price for the Toshiba Equipment, but Case failed to transfer possession.  The Toshiba Equipment was purchased by Prestige free of all liens and encumbrances.  However, Prestige later learned of liens which prevented Prestige from obtaining possession of the Toshiba Equipment.  ECF 49-5, p. 3 of 16.  In order to obtain possession, Prestige paid a lien holder, CIT Group, $118,000 for the Toshiba Equipment.  *Id.*

In his deposition, Art Olson indicated the he was aware Prestige would want the Toshiba Equipment free and clear of liens and acknowledged that he knew his son had some type of financing on the Toshiba Equipment.  ECF 51-3 pp. 12-13 of 16.  Plaintiff alleges that Art Olson falsely represented to plaintiff that the Toshiba Equipment was free and clear of liens.  According to the sworn statement of Terry Lashin, Art Olson communicated to Prestige that the Toshiba Equipment would be free and clear of all liens and Prestige would not have purchased the Toshiba Equipment if that were not the case.  ECF 51-4.

The Court conducted a status conference on April 24, 2009, which took place before the case was stayed as to Jeff Olson and before Jeff Olson was dismissed without prejudice. Defendants Art Olson and Jeff Olson appeared with their attorney, Thomas Skidmore. Jeff Olson, who is an officer of defendant Case and its statutory agent, also represented Case at the status conference.

(5:08 CV 2164)

At the status conference, the Court granted Thomas Skidmore's motion to withdraw as counsel for defendants. ECF 41.[3] The Court also indicated that judgment on the pleadings would be entered as to defendant Case, and scheduled a hearing on damages on a stand-by basis for the two-week period beginning July 27, 2009. *See* ECF 41, 42 and 43.

Defendant Art Olson did not respond to multiple discovery requests by plaintiff, and plaintiff moved the Court for an order compelling discovery (ECF 47). While it is defendant's prerogative to represent himself, proceeding *pro se* does not relieve him of his obligation to follow the Federal Rules of Civil Procedure or his other obligations with respect to this lawsuit. *Agnew v. Lowe's Companies,* 2007 WL 221534 (M.D. Tenn.). The Court granted plaintiff's motion to compel discovery (ECF 48), but Art Olson did not provide the discovery in question or otherwise respond to the Court's Order compelling discovery. *See* ECF 49-3 and 51-6.

After plaintiff moved for default and summary judgment, the Court issued an Order advising Art Olson that his response to plaintiff's motions for default judgment and summary judgment was due by July 24, 2009, after which the Court would rule on the motions. ECF 55. Art Olson filed an unsigned response that is in substance one page, and to which is attached a letter from lien holder CIT Group to Jeff Olson regarding financial arrangements required to remove the liens from the Toshiba Equipment and other Case equipment. ECF 58. Art Olson's response is directed to the merits of plaintiff's substantive claims, but is silent as to the merits of plaintiff's motion for default judgment.

---

[3] Art Olson and Jeff Olson told the Court that the defendants would not retain counsel to represent them in this matter. They cited lack of funds as the reason.

3

(5:08 CV 2164)

## II.  LAW AND ANALYSIS

A.      Rule 37 and Default Judgment

Plaintiff moved for default judgment on the bases of Rules 37 and 55 of the Federal Rules of Civil Procedure.  Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that the Court may enter a default judgment against a party failing to comply with a discovery order.  Rule 55 provides for the procedure governing entry of default judgment.

The Court considers four factors in determining whether to enter default judgment for failure to participate in discovery: 1) whether the party's failure to cooperate in discovery is due to wilful bad faith and not mere inability, 2) whether the opposing party was prejudiced, 3) whether the offending party was warned that failure to cooperate could result in default judgment, and 4) whether less drastic sanctions were considered prior to an entry of default. *Ndabishuriye v. Albert Schweitzer Society,* 136 Fed. Appx. 795, 800 (6th Cir. 2005)(citing *Bank One of Cleveland v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990)).

The first factor is generally considered the most important. *Ndabishuriye.* 136 Fed. Appx. at 800.  The burden is on the party against whom default is sought to establish that failure to comply is due to inability and not willfulness, bad faith, or any fault of the party.  *JP Morgan Chase Bank v. Nevoi,* 2007 WL 1989752 at * 4 (S.D. Ohio)(quoting *Bratka v. Anheuser-Busch,* 164 F.R.D. 448, 460 (S.D. Ohio 1995)).  Fault, in this context, includes gross negligence.  *Id.*

In this case, Art Olson has chosen to represent himself.  This choice, and the difficulties that may flow from navigating the legal issues in this case without the benefit of retained

(5:08 CV 2164)

counsel, does not qualify as an "inability" which excuses Art Olson's failure to respond to plaintiff's discovery or the Court's Order compelling discovery.

Further, although Art Olson filed what purports to be a response to plaintiff's motion for default judgment, he did not address or provide any reason for his failure to respond to plaintiff's discovery or the Court's Order compelling discovery. Mr. Olson has not established in any way that his failure to respond to plaintiff's discovery or to comply with the Court's Order compelling discovery is due to "inability" within the meaning of the Sixth Circuit's analysis. At a minimum, Art Olson's failure to respond to discovery and orders in this lawsuit as describe above is gross negligence, if not wilful or bad faith.

Defendant's failure to participate in this case and comply with the Court's Order is prejudicial to plaintiff's efforts to prosecute its case and achieve resolution of its claims. Art Olson was advised by the Court of the date through which he could respond to plaintiff's motions for default judgment and summary judgment before the Court ruled. Mr. Olson's response did not address the merits of plaintiff's motion for default judgment - i.e., his failure to respond to plaintiff's discovery. The Court previously attempted to resolve Art Olson's failure to respond to plaintiff's discovery by issuing an Order compelling discovery, but to no avail.

Based on the four factor analysis established by the Sixth Circuit, the Court concludes that the entry of default judgment against Art Olson is appropriate in this case.

B. <u>Damages</u>

The Court may enter default judgment without a hearing when the damages are a sum that can be made certain by computation based on affidavit showing the amount due. *See* Fed.

5

(5:08 CV 2164)

R. Civ. P. 55. In this case, plaintiff asks the Court to enter default in the amount of $118,000 and has provided an affidavit and supporting documentation which establishes the amount requested. *See* ECF 49.

Plaintiff paid $205,000 for the Toshiba Equipment purchased from Case. Due to liens, plaintiff paid CIT Group $118,000 to obtain possession of the Toshiba Equipment. *See* Affidavit of Terry Lashin, ECF 49-5. Plaintiff requests default judgment in the amount of $118,000.

The Court finds that plaintiff's requested default damages of $118,000[4] is a sum certain documented by the Affidavit of Terry Lashin and exhibits thereto. Therefore, a hearing to determine damages is not necessary.

### III. CONCLUSION

For the reasons discussed herein, plaintiff's motion for default judgment as to defendant Art Olson (ECF 49) is GRANTED in the amount of $118,000, not including costs and attorney fees. Plaintiff may file a motion for an award of costs and attorney fees.

Plaintiff's motion for summary judgment as to Art Olson is rendered moot as a consequence of the Court's ruling on plaintiff's motion for default judgment against Art Olson, and the Clerk is directed to terminate ECF 51 for record purposes. However, based on an examination of plaintiff's motion and Art Olson's failure to establish material facts in dispute

---

[4] The Court notes that based on the Affidavit of Terry Lashin, the damages sustained by plaintiff actually appear to be more than $118,000. However, plaintiff only requests a damage award of $118,000. The Court notes that $118,000 is the same sum sought by plaintiff with respect to plaintiff's motion for summary judgment against Art Olson.

6

(5:08 CV 2164)

pursuant to Rule 56, summary judgment would warranted had the Court not granted plaintiff's motion for default judgment.

The Court previously granted judgment on the pleadings against defendant Case and scheduled a hearing on damages, which was continued pending the Court's ruling on plaintiff's motions against Art Olson. *See* ECF 42, 43 and 55. The Court has found plaintiff's damages to be a sum certain - $118,000. Therefore, the Court concludes that a hearing is not necessary to determine damages with respect to the judgment against Case previously entered by the Court.

The Clerk of Court shall mail a copy of this Memorandum Opinion and Order by regular mail to:

        Jeffrey C. Olson         L. Arthur Olson
        4463 High Ridge Trail     319 Portage Path
        Akron, OH 44333         Willard, OH 44890

        Case Machinery         Case Machinery
        c/o Jeffery Olson         1900 Case Parkway
        4463 High Ridge Trail     Twinsburg, Ohio 44087
        Akron, Ohio 44333

IT IS SO ORDERED.

  July 22, 2009                    */s/ David D. Dowd, Jr.*
Date                               David D. Dowd, Jr.
                                  U.S. District Judge